### PIEL et al. v. NATIONAL COOPERAGE CO.

(Supreme Court, Appellate Division, Second Department.   June 12, 1903.)

1. SALES—AGREEMENT OF PARTIES—BREACH BY SELLER—EFFECT.

> One under contract to construct and furnish a machine which shall suit the buyer's purposes, who fails to furnish such a machine, has no claim against the buyer on account thereof, nor for materials subsequently furnished in a futile endeavor to perfect it.

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Adelgunde M. Piel and George C. Schneider against the National Cooperage Company. From a judgment dismissing the complaint, plaintiffs appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

H. Willard Griffiths, for appellants.

WILLARD BARTLETT, J.   In this action the plaintiffs sought to recover a balance of $490.04 for work, labor, and services performed for the defendant, and materials furnished.   The principal matter litigated upon the trial was the defendant's liability to pay a balance of $175 claimed to be due for a barrel-heading machine, with knife head, which was constructed and furnished under a written contract between the parties.   The trial judge held, as appears from his opinion, that the agreement contemplated the construction of a machine which would suit the purposes of the defendant's business, and that, as the machine furnished did not comply with this requirement, the defendant could not be compelled to pay for it.   I think that this construction of the contract is correct, and hence that the court was justified in rejecting this portion of the plaintiffs' claim.   That claim also embraced an item of $102 for a knife head, with six knives, which was subsequently supplied in a futile attempt to make good the defects of the barrel-heading machine.   The plaintiffs were in no better position to recover this item than to recover the $175 balance claimed to be due for the machine itself.

As to the remainder of the claim, however, the judgment dismissing the complaint appears to be erroneous.   The items thereof were

established by competent proof, and the defendant offered no evidence whatever in opposition. Upon the case as it stood at the close of all the evidence, the plaintiffs were entitled to a judgment for the amount sued for, $490.04, deducting therefrom the balance claimed for the barrel-heading machine, $175, and the $102 claimed for the composition knife head, with six knives, to wit, $213.04. In failing to award the plaintiffs this amount, the decision was against the evidence, and for this reason the judgment must be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.